**Rebecca GROPPI, Plaintiff—Appellant,**

v.

**Kirk BARHAM, an individual, Defendant—Appellee.**

No. 04–15072.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Nov. 14, 2005.

Randall L. Wiens, Esq., Sacramento, CA, for Plaintiff–Appellant.

Franklin George Gumpert, Esq., Barkett, Gumpert & Reiner, Sacramento, CA, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM **

Rebecca A. Groppi appeals the district court's orders granting Kirk Barham's 1) motion for summary judgment on Groppi's equal protection claim, 2) motion to dismiss Groppi's Fourth Amendment claim without leave to amend, and 3) motion to dismiss Groppi's substantive due process claim without leave to amend. Each of Groppi's claims were brought under 42 U.S.C. § 1983 and stem from the death of her son Jesse Gentry.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

The district court's decision to grant a motion to dismiss for failure to state a claim is reviewed de novo. Decker v. Advantage Fund, Ltd., 362 F.3d 593, 595–96 (9th Cir.2004). The district court's decision to deny leave to amend is reviewed for abuse of discretion. Chodos v. West Publishing Co., Inc., 292 F.3d 992, 1003 (9th Cir.2002).

The district properly granted Barham's motion to dismiss Groppi's Fourth Amendment claim because the facts alleged in her first amended complaint, and all reasonable inferences that could be drawn therefrom, failed to state a claim for relief.

Moreover, the district court did not abuse its discretion in denying leave to amend the Fourth Amendment claim because the court's factual findings [1] in properly granting Barham's motion for summary judgment on Groppi's equal protection claim preclude Groppi from alleging facts sufficient to establish a colorable Fourth Amendment claim.

The district court also properly granted Barham's motion to dismiss Groppi's substantive due process claim because Groppi failed to allege facts sufficient to establish that Barham acted with deliberate indifference to Gentry's medical needs. Moreover, the district court did not abuse its discretion in denying leave to amend this claim because the court's factual findings in properly granting Barham's motion for summary judgment on the equal protection claim would similarly preclude Groppi from alleging facts sufficient to establish a colorable equal protection claim.

■ The district court's order granting summary judgment is reviewed de novo. Buono v. Norton, 371 F.3d 543, 545 (9th Cir.2004). The district court properly granted Barham's motion for summary judgment on Groppi's equal protection claim. Gentry was not a member of a suspect class, and the evidence strongly suggested that Barham's actions were actions were taken in furtherance of the state's legitimate interest in helping Gentry overcome his drug addiction.

■ "The district court's evidentiary rulings are reviewed for abuse of discretion." United States v. Blaylock, 20 F.3d 1458, 1462 (9th Cir.1994). The district

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Specifically, the court found that Barham had no reason to know Gentry was in need of immediate medical attention, and many reasons to believe he was not. Furthermore, once Barham became aware of Gentry's medical needs he immediately took action to transport Gentry to the hospital as fast as possible.

court did not abuse its discretion in applying the best evidence rule to exclude Dr. Martin Keusten's declaration because Groppi failed to provide the records upon which the declaration was based and failed otherwise to explain their absence. *United States v. Bennett,* 363 F.3d 947, 953 (9th Cir.2004).

Finally, Groppi attempts to assert state tort causes of action for the first time on appeal to this court. We decline to consider these claims. *See Whittaker Corp. v. Execuair Corp.,* 953 F.2d 510, 515 (9th Cir.1992) ("As a general rule, an appellate court will not hear an issue raised for the first time on appeal.")

AFFIRMED.